UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00048-JAW |
| | ) | |
| JESSE NEWTON, | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO EXTEND TIME TO FILE § 2255 PETITION
AND ON MOTION FOR TRANSCRIPT**

Defendant moves the Court to extend the time by which he must file a request for habeas relief pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 89.)  Defendant also asks the Court for a copy of the transcript of the hearing at which he pled guilty to a felon in possession of a firearm charge. (Motion for Transcript, ECF No. 90.)  The Court denies the motions.

## DISCUSSION

A proceeding under § 2255 is "an independent and collateral inquiry into the validity of the conviction."  *United States v. Hayman*, 342 U.S. 205, 222 (1952).  It "is not a proceeding in the original criminal prosecution but an independent civil suit." *Heflin v. United States*, 358 U.S. 415, 418 n.7 (1959).  The judicial power of the federal courts is limited to "cases" or "controversies" under Article III of the Constitution.  The "exercise of federal jurisdiction under the Constitution 'depends on the existence of a case or

controversy, and a federal court lacks the power to render advisory opinions.'" *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam).

Here, because Defendant has not filed a section 2255 motion, there is no matter pending before the Court. Defendant, therefore, essentially requests an advisory opinion as to "whether he could obtain an extension for an action not yet in existence and one that may never come into existence." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016). "[N]o justiciable 'controversy' exists when parties … ask for an advisory opinion." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). In other words, the "federal courts have no license to provide … advice—to say that an extension would be granted and the § 2255 action accepted" if Newton chooses to file one. *Asakevich*, 810 F.3d at 420; *see also Neal v. Romanowski*, No. 13-cv-11001, 2013 WL 1843966, at *1 (E.D. Mich. May 1, 2013) ("The court does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a petition.").[1] The Court, therefore, lacks jurisdiction to consider Defendant's motion to extend the time to file a petition for habeas relief pursuant to § 2255.

The Court also cannot grant Defendant's request for the preparation of the transcript of his plea hearing. As the Court explained in its order denying Defendant's prior request

---

[1] Although the First Circuit has not addressed this issue, every circuit court save one that has considered it has concluded that district courts do not have jurisdiction to consider such motions. *See, e.g., Leon*, 203 F.3d at 164; *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005); *Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam); *United States v. Glover*, No. 05-3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam). The exception is the Third Circuit. *See United States v. Thomas*, 713 F.3d 165, 173-74 (3d Cir. 2013).

for the transcript, without a section 2255 motion to assess, the Court cannot determine whether the transcript is necessary as required by 28 U.S.C. § 753(f).[2] (Order, ECF No. 87.)

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's motion to extend time and denies without prejudice Defendant's motion for transcript.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 13th day of April, 2021.

---

[2] 28 U.S.C. § 753(f) provides: "Fees for transcripts furnished in proceedings brought under section 2255 of this section to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."